1  SEYFARTH SHAW LLP
   David Rosenberg (SBN 292094)
2  E-mail: drosenberg@seyfarth.com
   Michelle Zakarian (SBN 327628)
3  E-mail: mzakarian@seyfarth.com
   2029 Century Park East, Suite 3500
4  Los Angeles, California 90067-3021
   Telephone:   (310) 277-7200
5  Facsimile:    (310) 201-5219

6  Attorneys for Defendant
   IRON MOUNTAIN SECURE SHREDDING,
7  INC.

8

9                 UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11

12  ALEJANDRO CARDENAS, an individual,    Case No.  2:21-cv-5163

13              Plaintiff,                **DEFENDANT IRON MOUNTAIN
                                          SECURE SHREDDING, INC.'S
14        v.                              NOTICE OF REMOVAL OF CIVIL
                                          ACTION TO UNITED STATES
15  IRON MOUNTAIN SECURE                  DISTRICT COURT**
    SHREDDING, INC., a Delaware
16  corporation; and DOES 1-20, Inclusive,  [Los Angeles County Superior Court,
                                          Case No. 21STCV19144]
17              Defendants.
                                          State Complaint Filed:  May 21, 2021
18                                        Trial Date:                None set

19

20

21

22

23

24

25

26

27

28

                    DEFENDANT'S NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF ALEJANDRO CARDENAS AND HIS ATTORNEYS OF RECORD:**

1.     **PLEASE TAKE NOTICE** that Defendant Iron Mountain Secure Shredding, Inc. ("Iron Mountain") files this notice of removal pursuant to 28 U.S.C. sections 1332, and 1441(a) and (b), based on diversity of citizenship jurisdiction, in order to effect the removal of the above-captioned action from the Superior Court for the County of Los Angeles to the United States District Court for the Central District of California, and states that the removal is proper for the following reasons.

## I.   BACKGROUND

2.     On May 21, 2021, Plaintiff Alejandro Cardenas ("Plaintiff") filed a Complaint in the Superior Court of California for the County of Los Angeles, entitled "*ALEJANDRO CARDENAS, an individual, Plaintiff, v. IRON MOUNTAIN SECURE SHREDDING, INC., a Delaware Corporation; and DOES 1-20, Inclusive, Defendants,*" Case No. 21STCV19144 ("Complaint").

3.     In the Complaint, Plaintiff alleges ten causes of action against Iron Mountain for: (1) "Disability/Medical Condition Discrimination"; (2) "Failure to Engage in the Interactive Process"; (3) "Failure to Provide a Reasonable Accommodation"; (4) "Retaliation in Violation of the FEHA"; (5) "Failure to Prevent Discrimination and Retaliation"; (6) "CFRA Interference"; (7) "Wrongful Termination in Violation of Public Policy"; (8) "Violation of California Labor Code § 1198.5 (Failure to Produce Personnel Records)"; (9) "Violation of California Labor Code § 226 (Failure to Produce Pay Records )"; and (5) "Violation of Business & Professions Code § 17200, *et seq.*"

4.     On May 26, 2021, Iron Mountain's registered agent for service of process in California received, via process server, the Summons, Complaint, Civil Case Cover Sheet, Los Angeles Superior Court's First Amended General Order, Voluntary Efficient Litigation Stipulations, Alternative Dispute Resolution Information Package, and Notice

1

**DEFENDANT'S NOTICE OF REMOVAL**

1  of Case Assignment - Unlimited Civil Case.  A true and correct copy of the packet

2  received by Iron Mountain is attached hereto as **Exhibit A**.

3      5.      On June 23, 2021, Iron Mountain timely filed its Answer to Plaintiff's

4  Complaint in Los Angeles County Superior Court.  A true and correct copy of Iron

5  Mountain's Answer to Plaintiff's Complaint is attached hereto as **Exhibit B**.

6      6.      Iron Mountain has not filed or received any other pleadings or papers, other

7  than the pleadings described as **Exhibit A** and **Exhibit B**, in this action prior to this

8  Notice of Removal.  (Declaration of David Rosenberg ("Rosenberg Decl."), ¶ 3.)

9  **II.   TIMELINESS OF REMOVAL**

10     7.      The time for filing a Notice of Removal does not begin to run until a party

11 has been formally served with the summons and complaint under the applicable state law

12 "setting forth the claim for relief upon which such action or proceeding is based" or, if

13 the case stated by the initial pleading is not removable, after receipt of any "other paper

14 from which it may be first ascertained that the case is one which is or has become

15 removable."  28 U.S.C. §§ 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526

16 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered

17 by simultaneous service of the summons and complaint"); *Kenny v. Wal-Mart Stores,*

18 *Inc.*, 881 F.3d 786, 791 (9th Cir., Feb. 1, 2018) ("We have also emphasized that 'a

19 defendant does not have a duty of inquiry if the initial pleading or other document is

20 'indeterminate' with respect to removability.'  *Roth v. CHA Hollywood Med. Ctr., L.P.*,

21 720 F.3d 1121, 1125 (9th Cir. 2013) (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d

22 689, 693-94 (9th Cir. 2005)).  Accordingly, 'even if a defendant could have discovered

23 grounds for removability through investigation, it does not lose the right to remove

24 because it did not conduct such an investigation and then file a notice of removal within

25 thirty days of receiving the indeterminate document.'").

26     8.      The service of process which triggers the 30-day period to remove is

27 governed by state law.  *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206,

28 210 (5th Cir. 2005) ("Although federal law requires the defendant to file a removal

motion within thirty days of service, the term 'service of process' is defined by state law.").

9.      This Notice of Removal is timely because it is filed within thirty (30) days of personal service of the Summons and Complaint on May 26, 2021.  28 U.S.C. § 1446(b); Cal. Civ. Proc. Code § 415.10 ("A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed complete at the time of such delivery").

## III.    JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

10.      The Court has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1).  As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. section 1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

### A.      Plaintiff Is A Citizen Of California

11.      For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (holding that "the place of residence is *prima facie* [evidence of] domicile").

12.      Plaintiff is and, at all times since the commencement of this action has been, a resident and citizen of the State of California.  The Complaint alleges that, "Plaintiff is a resident of Los Angeles County and, at all times relevant, was employed and performed work for Iron Mountain in said County."  (*See* Ex. A, Compl., ¶ 1.)

13.      In addition, Iron Mountain's review of Plaintiff's personnel file and public records reveals that Plaintiff resides in California.  (*See* Rosenberg Decl., ¶ 4, Ex. C; Declaration of Kelly Ciano ("Ciano Decl."), ¶ 8.)

14.     Plaintiff, therefore, is, and at all times since the commencement of this action has been, a resident and citizen of the State of California.

**B.     Defendant Iron Mountain Secure Shredding, Inc., Is Not A Citizen Of California**

15.     For diversity purposes, "a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'"  *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009).

16.     The United States Supreme Court has held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center."  *The Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  In determining a corporation's "nerve center," courts are to examine where the "corporation's officers direct, control, and coordinate the corporation's activities," and where the corporation maintains its headquarters.  *Id*. at 92.  Other relevant factors include where corporate executives maintain their offices, where corporate policies and procedures are made, and where primary corporate functions are based.  *See Ho v. Ikon Office Solutions, Inc.*, 143 F. Supp. 2d 1163, 1168 (N.D. Cal. 2001) (nerve center found to be location where corporations headquarters were located, where the corporate officers worked, and from where the corporate policies and procedures arose).  Thus, the "nerve center" is "where the majority of its executive and administrative functions are performed."  *Tosco v. Cmtys. for a Better Env't*, 236 F.3d 495, 500 (9th Cir. 2001) (citation omitted).

17.     Iron Mountain is and, at all times since the commencement of this action has been, a citizen of a State other than California within the meaning of 28 U.S.C. section 1332(c)(1).  *See Davis*, 557 F.3d at 1028 (citing 28 U.S.C. 1332(c)(1)); *The Hertz Corp.*, 559 U.S. at 92-93.

18.     Iron Mountain is now, and ever since this action commenced has been, incorporated under the laws of the State of Delaware.  (Ciano Decl., ¶ 6.)

19.     Under the "nerve center" test, Massachusetts emerges as Iron Mountain's principal place of business.  Iron Mountain's corporate headquarters are located in

4

**DEFENDANT'S NOTICE OF REMOVAL**

Boston, Massachusetts, where Iron Mountain's high level officers direct, control, and coordinate Iron Mountain's activities.  (Ciano Decl., ¶ 7.)  Iron Mountain's high level corporate officers maintain offices in Massachusetts, and many of Iron Mountain's corporate level functions are performed in the Massachusetts office.  (*Id.*)  Additionally, many of Iron Mountain's executive and administrative functions, including corporate finance and accounting, are directed from the Boston, Massachusetts office.  (*Id.*)

20.     Furthermore, in his Complaint, Plaintiff concedes that "Iron Mountain is a Delaware corporation with its principal place of business located at One Federal Street, Boston, MA 02110."  (*See* Ex. A, Compl., ¶ 2.)

21.     Therefore, for purposes of diversity of citizenship, Iron Mountain is a citizen of Delaware and Massachusetts, and not a citizen of California.

### C.     Doe Defendants May Be Disregarded

22.     Pursuant to 28 U.S.C. Section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332.  *Fristoe v. Reynolds Metals, Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of Doe defendants, 1-50, does not deprive this Court of jurisdiction.

## IV.     AMOUNT IN CONTROVERSY

23.     While Iron Mountain denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000.  *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-04 (9th Cir. 1996) ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.") (internal quotations and citations omitted).

24.     As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented

5

DEFENDANT'S NOTICE OF REMOVAL

in the removal petition). When the amount in controversy is not apparent from the face of the complaint, a defendant may state underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

25.     In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorneys' fees and punitive damages).

26.     Further, in determining the amount in controversy at the time of removal, the Court is not limited to the amount of damages incurred as of the time of removal, but may look forward in time to damages that can be recovered in the future. *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 417-18 (9th Cir. 2018) ("That the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy . . . In sum, the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails.").

27.     Here, considered together, the general and special damages sought by Plaintiff, along with the attorneys' fees and punitive damages that might be awarded if Plaintiff prevails, establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

/ / /

/ / /

6

DEFENDANT'S NOTICE OF REMOVAL

### A.    Plaintiff's Claims Exceed $75,000[1]

28.    The amount in controversy requirement is satisfied because "it is more likely than not" that it exceeds the jurisdictional minimum based on the allegations in Plaintiff's Complaint.  *See Sanchez*, 102 F.3d at 404 ("the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount") (internal citation omitted).

29.    In the Complaint, Plaintiff alleges ten causes of action against Iron Mountain for: (1) "Disability/Medical Condition Discrimination"; (2) "Failure to Engage in the Interactive Process"; (3) "Failure to Provide a Reasonable Accommodation"; (4) "Retaliation in Violation of the FEHA"; (5) "Failure to Prevent Discrimination and Retaliation"; (6) "CFRA Interference"; (7) "Wrongful Termination in Violation of Public Policy"; (8) "Violation of California Labor Code § 1198.5 (Failure to Produce Personnel Records)"; (9) "Violation of California Labor Code § 226 (Failure to Produce Pay Records )"; and (5) "Violation of Business & Professions Code § 17200, *et seq.*"

30.    Plaintiff claims damages for general and special damages, including but not limited to past and future lost wages, emotional distress, punitive damages, penalties and premiums for California Labor Code violations, and attorneys' fees and costs.  (*See* Ex. A, Compl., ¶¶ 24-29, 37, 39, 46, 48, 55, 57, 63, 65, 72, 74, 78, 80, 89-90, 95; Prayer for Relief, at ¶¶ 1-6.)  Thus, it is more likely than not that the amount in controversy exceeds $75,000.

### 1.    Compensatory Damages

31.    Plaintiff was employed by Iron Mountain as a Driver from approximately August 30, 2016 until approximately May 21, 2020.  (Ex. A, Compl., ¶¶ 8, 15.)  As a result of his alleged wrongful termination, Plaintiff alleges that he has suffered "general

---

[1]/    Iron Mountain's assertion that the amount in controversy exceeds $75,000 is not an admission that Plaintiff is entitled to any damages.  Iron Mountain denies that Plaintiff is entitled to or will recover any damages in this matter.

7

71638001v.2

and special damages," including "economic damages in earnings and other employment benefits." (Ex. A, Compl., ¶¶ 24, 26; Prayer for Relief, at ¶ 1.)

32.    At the time of his termination, Plaintiff was a full-time, hourly employee who earned $23.45 per hour. (Ciano Decl., ¶ 10.) Given that Plaintiff alleges that he was wrongfully terminated on May 21, 2020, Plaintiff has already incurred at least $53,466.00 ($23.45 X 40 hours X 57 weeks (May 21, 2020 through June 24, 2021)).

33.    Assuming this matter goes to trial one year after its May 21, 2021 filing, and Plaintiff remains unemployed for a total of 104 weeks (May 21, 2020 to May 21, 2022), Plaintiff's lost income would equal **$97,552.00** ($23.45 X 40 hours X 104 weeks (May 21, 2020 to May 23, 2022)).

34.    Additionally, should Plaintiff prevail at trial, it is more likely than not that he would recover over $75,000 in damages as there have been, in recent years, several verdicts in similar disability discrimination and wrongful termination cases entered in favor of plaintiffs in California where the awarded damages exceeded $75,000. *See Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,904,635 to employee in violation of the CFRA and disability discrimination action); *Aboulafia v. GACN Inc.*, 2013 WL 811991 (Los Angeles Sup. Ct.) (award of $1,361,756, $1,447,634, $1,503,074, and $1,368,266 to four employees for their discrimination claims); *Silverman v. Stuart F. Cooper Inc.*, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury verdict of $325,223 awarded to employee in discrimination action); *Bisharat v. Los Angeles Unified Sch. Dist.*, 2013 WL 1415554 (Los Angeles Sup. Ct.) ($473,750 jury verdict awarded to employee alleging disability discrimination, failure to prevent discrimination, failure to accommodate, failure to engage in the interactive process, and constructive discharge); *Jolly v. City of Long Beach*, 2013 WL 3340512 (Los Angeles Sup. Ct.) ($325,000 awarded to employee alleging disability discrimination, retaliation, failure to engage in interactive process, failure to prevent discrimination/harassment, and constructive discharge); *Siglin v. Carden Whittier Sch. Inc.*, 2012 WL 1798892 (Los Angeles Sup. Ct.) (jury award of $323,985 to employee

8

71638001v.2

who was wrongfully terminated in retaliation for taking medical leave in violation of the CFRA); *Sun v. Transit Air Cargo, Inc.*, 2012 WL 933613 (Orange County Sup. Ct.) (award of $75,290 to employee in discrimination and violation of California Family Rights Act action); *O'Connor v. UHS-Corona Inc.*, 2011 WL 3606915 (Riverside Sup. Ct.) (jury verdict awarding $1,630,334 to employee who brought action against employer for retaliation in violation of the CFRA); *Vanderheiden v. City of Alameda*, 2011 WL 1562075 (Alameda County Sup. Ct.) (award of $680,182 to employee in discrimination action); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal) (jury award of $17,899,400 to six employees in an alleged discrimination case); *Peacock v. Quest Diagnostics*, 2010 WL 6806990 (C.D. Cal.) (award of $229,639 to employee in discriminatory termination in violation of the CFRA); *Dodd v. Haight Brown & Bonesteel LLP*, 2010 WL 4845803 (Los Angeles Sup. Ct.) (jury verdict awarding employee $410,520 in disability discrimination action); *Ybarra v. Dacor Holding Inc.*, 2010 WL 2404221 (L.A. County Sup. Ct.) (award of $615,236 to employee in disability discrimination and wrongful termination action); *Malone v. Potter*, 2009 WL 999514 (C.D. Cal.) (award of $300,000 to employee in disability discrimination and retaliation action); *Beard v. Los Angeles Cnty. Law Library*, 2009 WL 250543 (Los Angeles Sup. Ct.) (award of $146,000 to employee who was wrongfully terminated based upon her age and race).

35.     Plaintiff's allegations that he was discriminated against and discharged because of his purported disability are factually similar to the issues in these cases.  Iron Mountain has attached these verdicts as **Exhibit D** to the concurrently filed Declaration of David Rosenberg for the Court's review.

### 2.     Emotional Distress Damages

36.     Plaintiff also claim damages for emotional distress.  (Ex. A, Compl., ¶¶ 25, 39, 48, 57, 65, 74, 80; Prayer for Relief, at ¶ 2.)  A review of jury verdicts in California demonstrates that emotional distress awards in discrimination cases commonly exceed $75,000.  *See Silverman v. Stuart F. Cooper Inc.*, 2013 WL 5820140 (Los Angeles Sup.

DEFENDANT'S NOTICE OF REMOVAL

Ct.) (jury awarded $157,001 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,250,000 for pain and suffering to employee in discrimination action); *Aboulafia v. GACN Inc.*, 2013 WL 8115991 (Los Angeles Sup. Ct.) (pain and suffering award of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal) (jury award $5,600,000 in non-economic damages in discrimination and retaliation case); *Welch v. Ivy Hill Corp.*, 2011 WL 3293268 (Los Angeles Sup. Ct.) (award of $1,270,000 in pain and suffering to employee in a discrimination action); *Leimandt v. Mega RV Corp.*, 2011 WL 2912831 (Orange County Sup. Ct.) (jury awarded $385,000 in pain and suffering in a discrimination case); *Peacock v. Quest Diagnostics*, 2010 WL 6806990 (C.D. Cal.) (jury award of $150,000 in non-economic loss to employee in action for discrimination action).

37.     Plaintiff's allegations of emotional distress are similar to the issues raised in these cases.  Iron Mountain has attached these verdicts as **Exhibit E** to the concurrently filed Declaration of David Rosenberg for the Court's review.

### 3.     Attorneys' Fees And Costs

38.     Plaintiff also claimed that he is entitled to attorneys' fees and costs.  (*See* Ex. A, Compl., ¶¶ 29, 39, 48, 57, 65, 74, 80, 85, 90; Prayer For Relief, ¶ 5.)  Attorneys' fees are properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity jurisdiction.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory).

39.     Courts have also awarded far in excess of $75,000 in attorneys' fees in cases involving employment-related claims.  *See, e.g.*, *Crawford v. DIRECTV, Inc.*, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award of $159,762.50); *Davis v. Robert Bosch Tool Corp.*, 2007 WL 2014301, *9 (Cal. Ct. App. 2d Dist. July 13, 2007) (individual plaintiff sought $1.6 million in fees); *Denenberg v.*

10

DEFENDANT'S NOTICE OF REMOVAL

*Cal. Dep't of Transp.*, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorneys' fees award of $490,000 for claims).  Iron Mountain has attached these verdicts as **Exhibit F** to the concurrently filed Declaration of David Rosenberg for the Court's review.

40.     Iron Mountain anticipates depositions being taken in this case, and that ultimately, Iron Mountain will file a Motion for Summary Judgment.  Based on defense counsel's experience, attorneys' fees in employment discrimination and wrongful termination cases often exceed $75,000.  In this regard, it is more likely than not that the fees will exceed $75,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $75,000 if the case proceeds to trial.  (Rosenberg Decl. ¶ 6.)

### 4.     Punitive Damages

41.     Finally, the Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy.  *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law).  (*See* Ex. A, Compl., ¶¶ 29, 39, 48, 57, 65, 74, 80; and Prayer for Relief, ¶¶ 2, 4.)

42.     Courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged retaliation cases.  *See, e.g.*, *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009).

43.     Based upon the allegations contained in the Complaint, Iron Mountain is informed and believe that Plaintiff seeks damages within the jurisdictional authority of this Court.

44.     Because diversity of citizenship exists between the Plaintiff and Iron Mountain, and the matter in controversy between the parties is in excess of $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1). This action is therefore a proper one for removal to this Court.

## V.     VENUE

45.     Venue lies in the Central District of California pursuant to 28 U.S.C. sections 1441(a), 1446(a), and 84(c).  This action originally was brought in the Superior

Court of the State of California, County of Los Angeles, which is located within the Central District of the State of California.  (*See* Ex. A, Compl., ¶ 7.)

## VI.   NOTICE OF REMOVAL

46.    Pursuant to 28 U.S.C. Section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, in the State Court Action.

47.    This Notice of Removal will be served on counsel for Plaintiff.  A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

48.    In compliance with 28 U.S.C. section 1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached as Exhibits A through B to this Notice of Removal.

## VII.   PRAYER FOR REMOVAL

49.    WHEREFORE, Iron Mountain prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

DATED:  June 24, 2021                    Respectfully submitted,

SEYFARTH SHAW LLP


By:  */s/ David Rosenberg*
    David Rosenberg
    Michelle Zakarian
    Attorneys for Defendant
    IRON MOUNTAIN SECURE
    SHREDDING, INC.

DEFENDANT'S NOTICE OF REMOVAL

71638001v.2

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
IRON MOUNTAIN SECURE SHREDDING, INC., a Delaware corporation; and DOES 1-20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ALEJANDRO CARDENAS, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles County Superior Court<br>Stanley Mosk Courthouse, Central District<br>111 N. Hill St., Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**21STCV19144** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kevin Chiang; Equity Legal Group, P.C.; 201 S. Lake Ave., Ste. 506, Pasadena, CA 91101; (818) 928-5677

| | Sherri R. Carter Executive Officer / Clerk of Court | |
|---|---|---|
| DATE: 05/21/2021<br>*(Fecha)* | Clerk, by N. Alvarez<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* IRON MOUNTAIN SECURE SHREDDING, INC., a Delaware corporation

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* <br> — Kevin W. Chiang (SBN 252391) <br> EQUITY LEGAL GROUP, P.C. <br> 201 S. Lake Ave., Ste. 506 <br> Pasadena, CA 91101 <br> TELEPHONE NO.: (818) 928-5677   FAX NO.: <br> ATTORNEY FOR *(Name):* Plaintiff Alejandro Cardenas | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse, Central District

CASE NAME:
Alejandro Cardenas v. Iron Mountain Secure Shredding, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ **Unlimited** (Amount demanded exceeds $25,000) | ☐ **Limited** (Amount demanded is $25,000 or less) | ☐ Counter    ☐ Joinder <br> Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 21STCV19144 <br> JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* Ten (10).
5. This case ☐ is  ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 21, 2021

Kevin W. Chiang
_____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

| SHORT TITLE: Alejandro Cardenas v. Iron Mountain Secure Shredding | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases -- unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 1 of 4

| SHORT TITLE: Alejandro Cardenas v. Iron Mountain Secure Shredding | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Alejandro Cardenas v. Iron Mountain Secure Shredding | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

21STCV19144
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Maureen Duffy-Lewis

Kevin W. Chiang (SBN 252391)
**EQUITY LEGAL GROUP, P.C.**
201 S. Lake Ave., Ste. 506
Pasadena, CA 91101
Telephone: (818) 928-5677
Email: kchiang@equitylegalgroup.com

Attorneys for Plaintiff
ALEJANDRO CARDENAS

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

21STCV19144

| | |
|---|---|
| ALEJANDRO CARDENAS, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | |
| IRON MOUNTAIN SECURE SHREDDING, INC., a Delaware corporation; and DOES 1-20, inclusive, | 1. **Disability/Medical Condition Discrimination;** |
| Defendants. | 2. **Failure to Engage in the Interactive Process;** |
| | 3. **Failure to Provide a Reasonable Accommodation;** |
| | 4. **Retaliation in Violation of the FEHA;** |
| | 5. **Failure to Prevent Discrimination and Retaliation;** |
| | 6. **CFRA Interference;** |
| | 7. **Wrongful Termination in Violation of Public Policy;** |
| | 8. **Violation of Labor Code § 1198.5;** |
| | 9. **Violation of Labor Code § 226; and** |
| | 10. **Violation of Business & Professions Code § 17200, *et seq.*** |
| | |
| | **PUNITIVE DAMAGES** |
| | **DEMAND FOR JURY TRIAL** |
| | **UNLIMITED JURISDICTION** |

COMPLAINT FOR DAMAGES

1     Plaintiff ALEJANDRO CARDENAS ("Plaintiff"), hereby, brings this Complaint against

2 Defendant IRON MOUNTAIN SECURE SHREDDING, INC. ("Defendant" and/or "Iron Mountain").

3 Plaintiff alleges as follows on knowledge as to himself and his known acts, and on information and belief

4 as to all other matters:

**I.**     **THE PARTIES**

6     1.     Plaintiff is a resident of Los Angeles County and, at all times relevant, was employed by

7 and performed work for Iron Mountain in said County.

8     2.     Iron Mountain is a Delaware corporation with its principal place of business located at One

9 Federal Street, Boston, MA 02110. At all times relevant, Iron Mountain employed Plaintiff and committed

10 all the wrongful acts as alleged herein.

11     3.     The true names and capacities of Defendants sued herein as Does 1-20, inclusive are

12 unknown to Plaintiff at this time, but Plaintiff will amend this Complaint if and when the true names of

13 said Defendants become known to him. Upon information and belief, each of the Defendants sued herein

14 as a Doe is legally responsible in some manner for the events and happenings referred to herein; and any

15 reference to "Defendant" or "Defendants" shall mean "Defendants and each of them."

16     4.     Defendants are individually, jointly, and severally liable for the wrongful conduct alleged

17 herein because each Defendant directly or indirectly, or through an agent or any other person, has

18 exercised control over one another. Plaintiff is informed and believes and based thereon alleges that, at all

19 times relevant, each Defendant has been the agent and employee of its Co-Defendants, and in doing the

20 things alleged in this Complaint has been acting within the course and scope of that agency and

21 employment.

**II.**     **JURISDICTION AND VENUE**

23     5.     This Court has jurisdiction over this action pursuant to the California Constitution,

24 specifically Article VI, Section 10, which grants the Superior Court original jurisdiction in all cases except

25 those given by statute to other courts. The statutes under which this action is brought do not specify any

26 other basis for jurisdiction.

27     6.     This Court has jurisdiction over all Defendants because, upon information and belief, at all

28 relevant times each Defendant has had sufficient minimum contacts in California, or otherwise has

2

COMPLAINT FOR DAMAGES

1  intentionally availed itself of California law so as to render the exercise of jurisdiction over it by a

2  California Court consistent with traditional notions of fair play and substantial justice.

3    7.    Venue is proper in this Court because, upon information and belief, each named Defendant

4  transacts business in Los Angeles County, and/or the acts and omissions alleged herein took place within

5  Los Angeles County.

6  ### III.    FACTUAL BACKGROUND

7    8.    Plaintiff began his employment with Iron Mountain on or about August 30, 2016 as a

8  "Driver." At the time of his hiring, he was paid a base salary of $37,440.00.

9    9.    Due to his positive work performance, he received multiple pay and merit increases,

10  including on November 7, 2017; October 7, 2018; November 4, 2018; February 3, 2019; March 3, 2019;

11  and March 15, 2020. Indeed, following his last raise, his base salary was $48,776.00—an almost 31%

12  increase over where he had started at the time of his hiring.

13    10.    In early 2020, Plaintiff began having severe anxiety issues. He sought treatment and was

14  prescribed several prescriptions to cope with his anxiety, including Celexa and Hydroxyzine. From what

15  Plaintiff understood, his anxiety stemmed from all the long hours he had recently put in at work. Moreover,

16  the anxiety peaked and grew unbearable when the Covid-19 pandemic broke in March 2020 because

17  Plaintiff had to service hospitals *without any protective safety gear*.

18    11.    On several occasions, Plaintiff told his supervisor—Transportation Manager Victor

19  Casasola—that he was suffering from anxiety and might need one or more accommodations. But Mr.

20  Casasola failed to initiate the interactive process and refused to provide any accommodations, which

21  forced Plaintiff to continue working under an extreme amount of anxiety and stress.

22    12.    Naturally, the effects of such anxiety (which was known to Defendant) manifested at work.

23  Ultimately, on May 11, 2020, while servicing Kaiser Permanente's Baldwin Park Medical Center, Plaintiff

24  inadvertently left the roll up door of his work truck open and unattended.

25    13.    For this failure (which indisputably arose from and/or was tied to his known

26  disability/medical condition), Plaintiff was fired.

27    14.    Accordingly, Plaintiff has viable disability discrimination claims against Iron Mountain as

28  described and set forth herein.

15.     On or about May 21, 2021, Plaintiff timely filed an administrative charge against Iron Mountain with the Department of Fair Employment and Housing and received an immediate "Right to Sue" notice. Thus, Plaintiff has satisfied and complied with all conditions precedent (i.e., the exhaustion of administrative remedies) to jurisdiction before this Court.

## IV.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### (Disability/Medical Condition Discrimination)

16.     Plaintiff re-alleges the allegations in paragraphs 1 through 15, inclusive, and hereby incorporates them by reference as though fully set forth herein.

17.     At all relevant times, Iron Mountain was an employer within the meaning of FEHA and thus covered by FEHA's provisions.

18.     At all relevant times, Plaintiff was employed by Iron Mountain.

19.     Iron Mountain knew Plaintiff had a disability/medical condition (or perceived Plaintiff to have a disability/medical condition) within the meaning of FEHA.

20.     Plaintiff was able to perform the essential functions of his job, with or without a reasonable accommodation.

21.     Plaintiff is informed and believes, and based thereon, alleges that his actual and/or perceived disability/medical condition was the substantial motivating reason for Iron Mountain's adverse employment actions against him.

22.     Plaintiff was harmed.

23.     Iron Mountain's discrimination towards Plaintiff violated FEHA and was a substantial factor in causing Plaintiff's harm.

24.     As a direct, foreseeable, and proximate result of Iron Mountain's wrongful conduct, Plaintiff has sustained and continues to sustain, economic damages in earnings and other employment benefits in an amount according to proof.

25.     As a direct, foreseeable, and proximate result of Iron Mountain's wrongful conduct, Plaintiff has sustained, and continues to sustain, non-economic damages and emotional distress.

/ / /

26.     Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

27.     The acts and conduct of Iron Mountain constitute "malice," "oppression," and/or "fraud" (as those terms are defined in California Civil Code § 3294(c)), in that these acts were intended by Iron Mountain to cause injury to Plaintiff and/or constituted despicable conduct carried on by Iron Mountain with willful and conscious disregard of the rights of Plaintiff.

28.     The acts of Iron Mountain were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of Civil Code § 3294 on the part of Iron Mountain's officers, directors, or managing agents of the corporation, including the acts Plaintiff's supervisors and Iron Mountain's officers and employees. The actions and conduct of Iron Mountain were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Iron Mountain with the intention of Iron Mountain to deprive Plaintiff of his property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

29.     As a further direct, legal, and proximate result of Iron Mountain's conduct, Plaintiff was caused to and did employ the services of counsel to prosecute this action, and is accordingly entitled to an award of attorneys' fees according to proof.

## SECOND CAUSE OF ACTION

### (Failure to Engage in the Interactive Process)

30.     Plaintiff re-alleges the allegations in paragraphs 1 through 29, inclusive, and hereby incorporates them by reference as though fully set forth herein.

31.     At all relevant times, Iron Mountain was an employer within the meaning of FEHA and thus covered by FEHA's provisions.

32.     At all relevant times, Plaintiff was employed by Iron Mountain.

33.     Plaintiff had a disability/medical condition that was known to Iron Mountain.

34.     Plaintiff requested on multiple occasions that Iron Mountain make reasonable accommodation for his disability/medical condition (and/or sufficiently put Iron Mountain on notice that he would need a reasonable accommodation) so that he would be able to perform the essential functions

of his job.

35.    Plaintiff was willing to participate in an interactive process to determine whether a reasonable accommodation could be made so that he would be able to perform the essential functions of his job.

36.    Iron Mountain failed to participate in a timely good-faith interactive process with Plaintiff to determine whether reasonable accommodation(s) could be made.

37.    Plaintiff was harmed.

38.    Iron Mountain's failure to engage in a good-faith interactive process was a substantial factor in causing Plaintiff's harm.

39.    As a direct, foreseeable, and proximate result of the wrongful conduct of Iron Mountain, Plaintiff is entitled to the damages described at paragraphs 24-29.

## THIRD CAUSE OF ACTION

### (Failure to Provide a Reasonable Accommodation)

40.    Plaintiff re-alleges the allegations in paragraphs 1 through 39, inclusive, and hereby incorporates them by reference as though fully set forth herein.

41.    At all relevant times, Iron Mountain was an employer within the meaning of FEHA and thus covered by FEHA's provisions.

42.    At all relevant times, Plaintiff was employed by Iron Mountain.

43.    Plaintiff had a disability/medical condition that was known to Iron Mountain.

44.    Plaintiff requested that Iron Mountain make reasonable accommodation for his disability/medical condition so that he would be able to perform the essential functions of his job.

45.    Iron Mountain failed to provide any reasonable accommodation(s) to Plaintiff.

46.    Plaintiff was harmed.

47.    Iron Mountain's failure to provide reasonable accommodation(s) was a substantial factor in causing Plaintiff's harm.

48.    As a direct, foreseeable, and proximate result of the wrongful conduct of Iron Mountain, Plaintiff is entitled to the damages described at paragraphs 24-29.

///

## **FOURTH CAUSE OF ACTION**

### **(Retaliation in Violation of FEHA)**

49.     Plaintiff re-alleges the allegations in paragraphs 1 through 39, inclusive, and hereby incorporates them by reference as though fully set forth herein.

50.     At all relevant times, Iron Mountain was an employer within the meaning of FEHA and thus covered by FEHA's provisions.

51.     At all relevant times, Plaintiff was employed by Iron Mountain.

52.     As described herein, Plaintiff participated and/or engaged in protected activity.

53.     Iron Mountain subjected Plaintiff to adverse employment action(s) because of his protected activity.

54.     Plaintiff is informed and believes, and based thereon, alleges that his protected activity was the substantial motivating reason for Iron Mountain's adverse employment action(s) against him.

55.     Plaintiff was harmed.

56.     Iron Mountain's retaliatory conduct towards Plaintiff violated FEHA and was a substantial factor in causing Plaintiff's harm.

57.     As a direct, foreseeable, and proximate result of the wrongful conduct of Iron Mountain, Plaintiff is entitled to the damages described at paragraphs 24-29.

## **FIFTH CAUSE OF ACTION**

### **(Failure to Prevent Discrimination and Retaliation)**

58.     Plaintiff re-alleges the allegations in paragraphs 1 through 57, inclusive, and hereby incorporates them by reference as though fully set forth herein.

59.     At all relevant times, Iron Mountain was an employer within the meaning of FEHA and thus covered by FEHA's provisions.

60.     At all relevant times, Plaintiff was employed by Iron Mountain.

61.     Plaintiff was subjected to discrimination and retaliation in the course of his employment.

62.     Iron Mountain failed to take any and all reasonable steps to prevent the discrimination and retaliation from occurring.

63.     Plaintiff was harmed.

7

COMPLAINT FOR DAMAGES

64. Iron Mountain's failure to take any and all reasonable steps to prevent the discrimination and retaliation was a substantial factor in causing Plaintiff's harm.

65. As a direct, foreseeable, and proximate result of the wrongful conduct of Iron Mountain, Plaintiff is entitled to the damages described at paragraphs 24-29.

## SIXTH CAUSE OF ACTION

### (CFRA Interference)

66. Plaintiff re-alleges the allegations in paragraphs 1 through 65, inclusive, and hereby incorporates them by reference as though fully set forth herein.

67. At all relevant times, Iron Mountain was an employer within the meaning of FEHA and thus covered by FEHA's provisions.

68. At all relevant times, Plaintiff was employed by Iron Mountain.

69. Plaintiff was eligible for medical leave under the CFRA.

70. Plaintiff provided reasonable notice to Iron Mountain of his need for medical leave to care for his own serious health condition.

71. Iron Mountain refused to grant or offer Plaintiff leave and/or prevented him from taking medical leave under the CFRA.

72. Plaintiff was harmed.

73. Iron Mountain's decision to prevent Plaintiff from taking leave was a substantial factor in causing Plaintiff's harm.

74. As a direct, foreseeable, and proximate result of Iron Mountain's wrongful conduct, Plaintiff will seek and is entitled to the damages described at paragraphs 24-29.

## SEVENTH CAUSE OF ACTION

### (Wrongful Discharge in Violation of Public Policy)

75. Plaintiff re-alleges the allegations in paragraphs 1 through 74 inclusive, and hereby incorporates them by reference as though fully set forth herein.

76. At all relevant times, the public policy of the State of California—as codified, expressed and mandated by FEHA and the CFRA—has been to prohibit employers (like Iron Mountain) from harassing, discriminating, and retaliating against individuals based on their disability/medical condition

8

COMPLAINT FOR DAMAGES

1  and/or based on their need to take a protected leave of absence.

2       77.    Based on the facts described herein, Iron Mountain's wrongful termination of Plaintiff

3  violates the foregoing fundamental State public policies.

4       78.    Plaintiff was harmed.

5       79.    Iron Mountain's wrongful termination was a substantial factor in causing Plaintiff's harm.

6       80.    As a direct, foreseeable, and proximate result of Iron Mountain's wrongful conduct,

7  Plaintiff will seek and is entitled to the damages described at paragraphs 24-29.

8  **EIGHTH CAUSE OF ACTION**

9  **(Violation of Labor Code § 1198.5)**

10       81.    Plaintiff re-alleges the allegations in paragraphs 1 through 80, inclusive, and hereby

11  incorporates them by reference as though fully set forth herein.

12       82.    Plaintiff requested copies of his personnel records under Labor Code § 1198.5.

13       83.    Iron Mountain failed to produce all of Plaintiff's personnel records in violation of Labor

14  Code § 1198.5(k).

15       84.    For this failure, Plaintiff is entitled to a statutory penalty of $750.

16       85.    As a further direct, legal, and proximate result of Iron Mountain's conduct, Plaintiff was

17  caused to and did employ the services of counsel to prosecute this action and is accordingly entitled to an

18  award of attorneys' fees according to proof.

19  **NINTH CAUSE OF ACTION**

20  **(Violation of Labor Code § 226)**

21       86.    Plaintiff re-alleges the allegations in paragraphs 1 through 85, inclusive, and hereby

22  incorporates them by reference as though fully set forth herein.

23       87.    Plaintiff requested a copy of his pay records under Labor Code § 226.

24       88.    Iron Mountain refused to produce Plaintiff's pay records in violation of Labor Code §

25  226(f).

26       89.    For this failure, Plaintiff is entitled to a statutory penalty of $750.

27       90.    As a further direct, legal, and proximate result of Iron Mountain's conduct, Plaintiff was

28  caused to and did employ the services of counsel to prosecute this action and is accordingly entitled to an

COMPLAINT FOR DAMAGES

1  award of attorneys' fees according to proof.

2  ### TENTH CAUSE OF ACTION

3  ### (Violation of Business & Professions Code § 17200, *Et Seq.*)

4       91.    Plaintiff re-alleges the allegations in paragraphs 1 through 91, inclusive, and hereby

5  incorporates them by reference as though fully set forth herein.

6       92.    The foregoing conduct, as alleged, violates California's Unfair Competition Law ("UCL"),

7  California Business and Professions Code § 17200, et seq., which prohibits unfair competition by

8  prohibiting, inter alia, any unlawful or unfair business acts or practices.

9       93.    Iron Mountain committed acts of unfair competition, as defined by the UCL, by, among

10  other things, refusing to produce Plaintiff's pay and personnel records in violation of Labor Code sections

11  226 and 1198.5.

12       94.    Iron Mountain's course of conduct, as described herein, constitutes a violation of the UCL.

13       95.    Plaintiff was harmed and, as a result of Iron Mountain's unfair business practices, is

14  entitled to restitution in amounts according to proof at trial.

15  ### V.    PRAYER FOR RELIEF

16       WHEREFORE, Plaintiff prays for judgment against Iron Mountain and/or Defendants, jointly and

17  severally, as follows:

18      1.    For general, compensatory, and economic damages according to proof;

19      2.    For special and/or non-economic damages according to proof;

20      3.    For prejudgment interest;

21      4.    For an award of exemplary and punitive damages according to proof;

22      5.    For reasonable attorneys' fees available under applicable law, including pursuant to

23          Government Code § 12965(b) and Labor Code §§ 218.5, 226, 1194, 1197, 1198.5, and

24          California Civil Code § 1021.5;

25      6.    For penalties and premiums available under applicable law, including Labor Code § 226;

26      7.    For costs of suit herein incurred; and

27  / / /

28  / / /

8.      For such other relief as the Court deems proper.

DATED:  May 21, 2021                         **EQUITY LEGAL GROUP, P.C.**

By:  _____
                                             Kevin W. Chiang

                                             Attorneys for Plaintiff
                                             ALEJANDRO CARDENAS

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all issues so triable in the Complaint.

DATED:  May 21, 2021                         **EQUITY LEGAL GROUP, P.C.**

By:  _____
                                             Kevin W. Chiang

                                             Attorneys for Plaintiff
                                             ALEJANDRO CARDENAS

11
COMPLAINT FOR DAMAGES

| SHORT TITLE: Alejandro Cardenas v. Iron Mountain Secure Shredding | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐  9. ☐ 10. ☐ 11. | Stanley Mosk Courthouse<br>Central District<br>111 N. Hill St.<br>Los Angeles, CA 90012 |

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90012 |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: May 21, 2021 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Elizabeth Mina

1
2
3
4
5                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
6                          FOR THE COUNTY OF LOS ANGELES
7
8    IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
     — MANDATORY ELECTRONIC FILING   )
9    FOR CIVIL                        )
10                                    )
11
12        On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all

13   documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los

14   Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex

15   Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).)

16   All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the

17   following:

18   1) DEFINITIONS

19      a) "Bookmark"  A bookmark is a PDF document navigational tool that allows the reader to

20         quickly locate and navigate to a designated point of interest within a document.

21      b) "Efiling Portal"  The official court website includes a webpage, referred to as the efiling

22         portal, that gives litigants access to the approved Electronic Filing Service Providers.

23      c) "Electronic Envelope"  A transaction through the electronic service provider for submission

24         of documents to the Court for processing which may contain one or more PDF documents

25         attached.

26      d) "Electronic Filing"  Electronic Filing (eFiling) is the electronic transmission to a Court of a

27         document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

28

---

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

1    e) **"Electronic Filing Service Provider"** An Electronic Filing Service Provider (EFSP) is a

2    person or entity that receives an electronic filing from a party for retransmission to the Court.

3    In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an

4    agent of the Court. (California Rules of Court, rule 2.250(b)(8).)

5    f) **"Electronic Signature"** For purposes of these local rules and in conformity with Code of

6    Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision

7    (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule

8    2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or

9    process attached to or logically associated with an electronic record and executed or adopted

10    by a person with the intent to sign the electronic record.

11    g) **"Hyperlink"** An electronic link providing direct access from one distinctively marked place

12    in a hypertext or hypermedia document to another in the same or different document.

13    b) **"Portable Document Format"** A digital document format that preserves all fonts,

14    formatting, colors and graphics of the original source document, regardless of the application

15    platform used.

16    2) **MANDATORY ELECTRONIC FILING**

17    a) **Trial Court Records**

18    Pursuant to Government Code section 68150, trial court records may be created, maintained,

19    and preserved in electronic format. Any document that the Court receives electronically must

20    be electrically processed and must satisfy all legal filing requirements in order to be filed as an

21    official court record (California Rules of Court, rules 2.100, et seq., and 2.253(b)(6).)

22    b) **Represented Litigants**

23    Pursuant to California Rules of Court, rule 2.253(b)(2), represented litigants are required to

24    electronically file documents with the Court through an approved EFSP.

25    c) **Public Notice**

26    The Court has issued a Public Notice with effective dates the Court required parties to

27    electronically file documents through one or more approved EFSPs. Public Notices containing

28    effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

    d)  Documents in Related Cases

        Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

    a)  Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

    b)  Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

    a)  The following documents shall not be filed electronically:

        i)    Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

        ii)   Bonds/Undertaking documents;

        iii)  Trial and Evidentiary Hearing Exhibits

        iv)  Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

        v)   Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

    b)  Lodgments

        Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

1  5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

2  Electronic filing service providers must obtain and manage registration information for persons

3  and entities electronically filing with the court.

4  6) TECHNICAL REQUIREMENTS

5  a) Electronic documents must be electronically filed in PDF, text searchable format when

6  technologically feasible without impairment of the document's image.

7  b) The table of contents for any filing must be bookmarked.

8  c) Electronic documents, including but not limited to, declarations, proofs of service, and

9  exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule

10  3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked

11  item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the

12  bookedmarked item and briefly describe the item.

13  d) Attachments to primary documents must be bookmarked. Examples include, but are not

14  limited to, the following:

15  i)  Depositions;

16  ii)  Declarations;

17  iii)  Exhibits (including exhibits to declarations);

18  iv)  Transcripts (including excerpts within transcripts);

19  v)  Points and Authorities;

20  vi)  Citations; and

21  vii)  Supporting Briefs.

22  e) Use of hyperlinks within documents (including attachments and exhibits) is strongly

23  encouraged.

24  f) Accompanying Documents

25  Each document accompanying a single pleading must be electronically filed as a separate

26  digital PDF document.

27  g) Multiple Documents

28  Multiple documents relating to one case can be uploaded in one envelope transaction.

4

b) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

1   b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the

2   day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte

3   application must be provided to the court the day of the ex parte hearing.

4   9) PRINTED COURTESY COPIES

5   a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must

6   be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If

7   the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom

8   by 10:00 a.m. the next business day.

9   b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of

10   electronic submission) is required for the following documents:

11   i)   Any printed document required pursuant to a Standing or General Order;

12   ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26

13   pages or more;

14   iii)   Pleadings and motions that include points and authorities;

15   iv)   Demurrers;

16   v)   Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

17   vi)   Motions for Summary Judgment/Adjudication; and

18   vii)   Motions to Compel Further Discovery.

19   c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of

20   additional documents.  Courtroom specific courtesy copy guidelines can be found at

21   www.lacourt.org on the Civil webpage under "Courtroom Information."

22   10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

23   a) Fees and costs associated with electronic filing must be waived for any litigant who has

24   received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. §

25   1010.6(d)(2).)

26   b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure

27   section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be

28   electronically filed in any authorized action or proceeding.

6

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

1    1) SIGNATURES ON ELECTRONIC FILING

2        For purposes of this General Order, all electronic filings must be in compliance with California

3    Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4    Division of the Los Angeles County Superior Court.

5

6        This First Amended General Order supersedes any previous order related to electronic filing,

7    and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8    Supervising Judge and/or Presiding Judge.

9

10   DATED: May 3, 2019                          

11                                              KEVIN C. BRAZILE
                                                Presiding Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**

**Southern California Defense Counsel**

**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

**STIPULATION – DISCOVERY RESOLUTION**

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1.  Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2.  At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3.  Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a.  The party requesting the Informal Discovery Conference will:

        i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b.  Any Answer to a Request for Informal Discovery Conference must:

        i.   Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

Case 2:21-cv-05163-SVW-MRW   Document 1   Filed 06/24/21   Page 42 of 63   Page ID #:42

| | |
|---|---|
| SHORT TITLE | CASE NUMBER |

    iii.  Be filed within two (2) court days of receipt of the Request; and

    iv.  Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding (or demanding or requesting) party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

**The following parties stipulate:**

Date: _____          ➤ _____
         [TYPE OR PRINT NAME]                              [ATTORNEY FOR PLAINTIFF]

Date: _____          ➤ _____
         [TYPE OR PRINT NAME]                              [ATTORNEY FOR DEFENDANT]

Date: _____          ➤ _____
         [TYPE OR PRINT NAME]                              [ATTORNEY FOR DEFENDANT]

Date: _____          ➤ _____
         [TYPE OR PRINT NAME]                              [ATTORNEY FOR DEFENDANT]

Date: _____          ➤ [ATTORNEY FOR _____]

Date: _____          ➤ [ATTORNEY FOR _____]

Date: _____          ➤ [ATTORNEY FOR _____]
         [TYPE OR PRINT NAME]

LACIV 036 (new)
LASC Approved 04/11          **STIPULATION – DISCOVERY RESOLUTION**          Page 3 of 3
For Optional Use

---

| | |
|---|---|
| | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| | |
|---|---|
| PLAINTIFF: | |
| DEFENDANT: | |

**STIPULATION — EARLY ORGANIZATIONAL MEETING**

| CASE NUMBER: |
|---|
| |

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, to discuss and consider whether there can be agreement on the following:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.")

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | | CASE NUMBER |
|---|---|---|
| | | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at www.lacourt.org under "Civil" and then under "General Information").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
      (INSERT DATE)                                          (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at www.lacourt.org under "Civil", click on "General Information", then click on "Voluntary Efficient Litigation Stipulations".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ►  _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____          ►  _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ►  _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ►  _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ►  _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ►  _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ►  _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY     STATE BAR NUMBER     Reserved for Clerk's File Stamp

TELEPHONE NO.:                           FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE | CASE NUMBER: |
| (pursuant to the Discovery Resolution Stipulation of the parties) | |

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 154 (new)                    **INFORMAL DISCOVERY CONFERENCE**
LASC Approved 04/11                (pursuant to the Discovery Resolution Stipulation of the parties)
For Optional Use

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.: E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

 **Superior Court of California, County of Los Angeles**

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control (with the parties):** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

These organizations cannot accept every case and they may decline cases at their discretion. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important Information and FAQs at www.lacourt.org/ADR.Res.List

NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**05/21/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ N. Alvarez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>21STCV19144 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Maureen Duffy-Lewis | 38 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 05/21/2021
(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By N. Alvarez , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 06/23/2021 10:32 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Tang,Deputy Clerk

1  SEYFARTH SHAW LLP
   David Rosenberg (SBN 292094)
2  E-mail:  drosenberg@seyfarth.com
   Michelle Zakarian (SBN 327628)
3  E-mail: mzakarian@seyfarth.com
   2029 Century Park East, Suite 3500
4  Los Angeles, California 90067-3021
   Telephone:    (310) 277-7200
5  Facsimile:    (310) 201-5219

6  Attorneys for Defendant
   IRON MOUNTAIN SECURE SHREDDING, INC.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     COUNTY OF LOS ANGELES

10

11  ALEJANDRO CARDENAS, an individual,        Case No. 21STCV19144

12              Plaintiff,                     HON. MAUREEN DUFFY-LEWIS, DEPT. 38

13      v.                                     **DEFENDANT IRON MOUNTAIN
                                               SECURE SHREDDING, INC.'S ANSWER
14  IRON MOUNTAIN SECURE SHREDDING,            TO PLAINTIFF ALEJANDRO
    INC., a Delaware Corporation; and DOES 1-20, CARDENAS' UNVERIFIED COMPLAINT**
15  inclusive,

16              Defendants.                    Complaint Filed:  May 21, 2021
                                               Trial Date:       None Set
17

18

19

20

21

22

23

24

25

26

27

28

Defendant Iron Mountain Secure Shredding, Inc. ("Defendant"), for itself and for no other defendant, answers the unverified Complaint for Damages filed by Plaintiff Alejandro Cardenas ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies generally each allegation and each purported cause of action in the Complaint, and without limiting the generality of the foregoing, denies that Plaintiff has been damaged in any amount, or at all, by reason of any acts or omissions of Defendant.

## DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative and other defenses, Defendant alleges as follows, without assuming the burden of proof on any defense on which it would not otherwise have the burden of proof by operation of law:

## FIRST DEFENSE
### (Failure to State a Cause of Action - All Causes of Action)

1.      Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND DEFENSE
### (Statute of Limitations - All Causes of Action)

2.      Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitations, including but not limited to those contained in the Fair Employment and Housing Act, including California Government Code sections 12940, 12960(d) and 12965(b), as well as those contained in California Code of Civil Procedure sections 337, 338, 339, 340, and 343, and California Labor Code sections 226 and 1198.5.

## THIRD DEFENSE
### (Failure to Exhaust Administrative Remedies -- First, Second, Third, Fought, Fifth, and Sixth Causes of Action)

3.      Plaintiff's claims, in whole or in part, are barred because Plaintiff has failed to exhaust his administrative remedies or to comply with the statutory prerequisites for bringing suit.

#### FOURTH DEFENSE

#### (Laches - All Causes of Action)

4.      Plaintiff's claims are barred, in whole or in part, by the doctrine of laches because Plaintiff delayed unreasonably in bringing his claims.

#### FIFTH DEFENSE

#### (Waiver- All Causes of Action)

5.      Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

#### SIXTH DEFENSE

#### (Estoppel - All Causes of Action)

6.      Because of Plaintiff's own acts or omissions, Plaintiff is barred by the equitable doctrine of estoppel from maintaining this action or pursuing any cause of action alleged in the Complaint against Defendant.

#### SEVENTH DEFENSE

#### (Unclean Hands - All Causes of Action)

7.      Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

#### EIGHTH DEFENSE

#### (Ratification - All Causes of Action)

8.      Plaintiff's Complaint and each cause of action alleged therein, is barred on the ground that Plaintiff ratified Defendant's alleged actions.

#### NINTH DEFENSE

#### (Failure to Mitigate Damages - All Causes of Action)

9.      Defendant alleges, based on information and belief, that Plaintiff had the ability and opportunity to mitigate the purported damages alleged in the Complaint and failed to act reasonably to mitigate such damages.  To the extent that Plaintiff suffered any damages as a result of the facts alleged in his Complaint, which Defendant denies, Plaintiff is not entitled to recover the amount of damages alleged or any damages due to his failure to make reasonable efforts to mitigate or minimize the damages incurred.  By reason of the foregoing, Plaintiff is barred in whole or in part from recovery of damages from Defendant.

**TENTH DEFENSE**

**(Failure to Exercise Reasonable Preventive Corrective Opportunities - All Causes of Action)**

10.     To the extent any of Defendant's employees or agents engaged in unlawful discriminatory or retaliatory behavior toward Plaintiff, Defendant is not liable for any such discrimination or retaliation, or Plaintiff's damages must be reduced, because Defendant exercised reasonable care to prevent and correct promptly any such behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided or to otherwise avoid harm.

**ELEVENTH DEFENSE**

**(Adequate Remedy At Law - All Causes of Action)**

11.     Plaintiff is not entitled to the equitable relief sought insofar as he has an adequate remedy at law and/or cannot make the requisite showing to obtain equitable relief.

**TWELFTH DEFENSE**

**(Privilege or Justification - All Causes of Action)**

12.     Defendant was privileged and/or justified in acting as they did and, accordingly, cannot be liable for Plaintiff's damages, if any there be.

**THIRTEENTH DEFENSE**

**(Avoidable Consequences - All Causes of Action)**

13.     Defendant exercised reasonable care to prevent and correct any unlawful discriminatory or retaliatory conduct allegedly experienced by Plaintiff.  Furthermore, Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise, and thus Plaintiff's claims are barred, or Plaintiff's damages must be reduced accordingly. *See, e.g., State Dept. of Health Servs. v. Superior Ct. of Sacramento County (McGinnis)*, 31 Cal. 4th 1026 (2000).

**FOURTEENTH DEFENSE**

**(Legitimate Non-Discriminatory, Non-Retaliatory Actions - All Causes of Action)**

14.     Plaintiff's claims are barred, in whole or in part, because Defendant had a legitimate business reason that was non-discriminatory and non-retaliatory for all actions taken with respect to Plaintiff's employment with Defendant.

3

## FIFTEENTH DEFENSE

### (Mixed-Motive - All Causes of Action)

15.     Even if Plaintiff should prove that his alleged disability or any other protected status was a substantial factor motivating the challenged actions, which Defendant denies, the same actions would have been taken based on legitimate, non-discriminatory, non-retaliatory considerations.

## SIXTEENTH DEFENSE

### (Managerial Privilege - All Causes of Action)

16.     Any injuries Plaintiff sustained as a result of any action by Defendant is barred to the extent that any and all decisions made and actions taken were in the exercise of proper managerial discretion and in good faith.

## SEVENTEENTH DEFENSE

### (Scope of Authority - All Causes of Action)

17.     The Complaint, and each and every purported cause of action therein, is barred to the extent that the actions of Defendant's agents, employees, and representatives, if they occurred, were not actions taken within the course and scope of their employment.

## EIGHTEENTH DEFENSE

### (Preemption by Workers' Compensation - All Causes of Action)

18.     Plaintiff's claims for certain damages are preempted and barred by the exclusive remedies of the California Workers' Compensation Act, Cal. Lab. Code § 3200, *et seq.*, inasmuch as they involve an employer/employee relationship subject to workers' compensation coverage, conduct of Plaintiff undertaken in the course and scope of his employment with Defendant, and injuries alleged by Plaintiff to have been proximately caused by his employment with Defendant.

## NINETEENTH DEFENSE

### (After-Acquired Evidence - All Causes of Action)

19.     Plaintiff's claims are barred, or his damages, if any, are limited, to the extent he engaged in any misconduct of which Defendant was unaware until after Plaintiff's termination that provides independent legal cause for the termination of his employment.

4

71637788v.2

**TWENTIETH DEFENSE**

**(Undue Hardship - All Causes of Action)**

20.     To the extent that Plaintiff requested accommodations that were not reasonable or would cause Defendant undue hardship, and thus were not required, Plaintiff's claims fail.

**TWENTY-FIRST DEFENSE**

**(Failure to Engage in Interactive Process - All Causes of Action)**

21.     Plaintiff's disability-based claims are barred, in whole or in part, to the extent Plaintiff failed to engage, in good faith or at all, in the interactive process.

**TWENTY-SECOND DEFENSE**

**(Prompt Remedial Action - All Causes of Action)**

22.     Defendant took prompt and appropriate corrective action in response to Plaintiff's complaints or stated concerns regarding the workplace, if in fact Plaintiff made any such complaints, thereby satisfying all legal duties and obligations Defendant had to Plaintiff, if any at all.

**TWENTY-THIRD DEFENSE**

**(Failure to Comply With CFRA - All Causes of Action)**

23.     Plaintiff's claims are barred, in whole or in part, to the extent that he did not comply with the prerequisites for taking leave under the California Family Rights Act, Cal. Gov't Code §§ 12945.2, et seq.

**TWENTY-FOURTH DEFENSE**

**(Reasonable Accommodation- All Causes of Action)**

24.     Plaintiff's claims are barred because Defendant was not legally required to provide reasonable accommodation to Plaintiff and, to the extent that it was so legally required, Defendant fulfilled its obligations.  Neither compensatory nor punitive damages may be awarded against Defendant due to its good faith efforts to make a reasonable accommodation for Plaintiff.

**TWENTY-FIFTH DEFENSE**

**(Award of Punitive Damages is Unconstitutional - All Causes of Action)l**

25.     To the extent Plaintiff seeks punitive or exemplary damages in his Complaint, Plaintiff violates the rights of Defendant to protection from "excessive fines" as provided in the Eighth

71637788v.2

Amendment to the United States Constitution and in Article I, Section 17 of the Constitution of the State of California and the rights of Defendant to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and under the Constitution of the State of California.

## TWENTY-SIXTH DEFENSE

### (Scope of Authority - All Causes of Action)

26.     The Complaint, and each and every purported cause of action therein, is barred to the extent that the actions of Defendant's agents, employees, and representatives, if they occurred, were not actions taken within the course and scope of their employment.

## TWENTY-SEVENTH DEFENSE

### (Setoff And Recoupment - All Causes of Action)

27.     To the extent a court holds that Plaintiff is entitled to damages or penalties, which is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments and/or all obligations that Plaintiff owed to Defendant against any judgment that may be entered against Defendant.

## TWENTY-EIGHTH DEFENSE

### (Offset - All Causes of Action)

28.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed under the doctrine prohibiting double recovery set forth by *Witt v. Jackson*, 57 Cal. 2d 57 (1961), and its progeny.

## RESERVATION OF RIGHTS

29.     Defendant does not presently know all of the facts and circumstances respecting Plaintiff's claims. Defendant has not knowingly or intentionally waived any applicable defenses and reserve the right to assert and relies on such other applicable defenses as may later become available or apparent. Defendant further reserves the right to amend its answer or defenses accordingly and/or to delete defenses that it determines are not applicable during the course of discovery.

71637788v.2

**PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1.      That Plaintiff takes nothing by his Complaint;

2.      That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3.      That Defendant be awarded reasonable attorneys' fees according to proof;

4.      That Defendant be awarded its costs of suit incurred herein; and,

5.      That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED:  June 23, 2021                                    Respectfully submitted,

                                                        SEYFARTH SHAW LLP

                                                        By: _____
                                                             David Rosenberg
                                                             Michelle Zakarian
                                                             Attorneys for Defendant
                                                             IRON MOUNTAIN SECURE SHREDDING,
                                                             INC.

7

DEFENDANT IRON MOUNTAIN SECURE SHREDDING, INC.'S ANSWER TO COMPLAINT

71637788v.2

## PROOF OF SERVICE

STATE OF CALIFORNIA              )
                                 )  SS
COUNTY OF LOS ANGELES            )

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021.  On **23 June 2021,** I served the within document(s):

**DEFENDANT IRON MOUNTAIN SECURE SHREDDING, INC.'S ANSWER TO PLAINTIFF ALEJANDRO CARDENAS' UNVERIFIED COMPLAINT**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐ by placing the document(s) listed above in a sealed envelope or package provided by Federal Express with postage paid on account and deposited for collection with Federal Express carrier at Los Angeles, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Kevin W. Chiang, Esq.                     Tel:  818-928-5677
EQUITY LEGAL GROUP, P.C.                  Email: kchiang@equitylegalgroup.com
201 S. Lake Avenue
Suite 506                                 ***Attorney for Plaintiff ALEJANDRO***
Pasadena, CA 91101                        ***CARDENAS***

     I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on **23 June 2021**, at Los Angeles, California.

Patricia Cloutier

DEFENDANT IRON MOUNTAIN SECURE SHREDDING, INC.'S ANSWER TO COMPLAINT

71637788v.2

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Branch Name:** Stanley Mosk Courthouse
**Mailing Address:** 111 North Hill Street
**City, State and Zip Code:** Los Angeles CA 90012

| | |
|---|---|
| **SHORT TITLE:** ALEJANDRO CARDENAS vs IRON MOUNTAIN SECURE SHREDDING, INC., A DELAWARE CORPORATION | **CASE NUMBER:** 21STCV19144 |

## NOTICE OF CONFIRMATION OF ELECTRONIC FILING

The Electronic Filing described by the below summary data was reviewed and accepted by the Superior Court of California, County of LOS ANGELES. In order to process the filing, the fee shown was assessed.

## Electronic Filing Summary Data

Electronically Submitted By:  Tristar Software
Reference Number: JTI152215
Submission Number: 21LA03730534
Court Received Date: 06/23/2021
Court Received Time: 10:32 am
Case Number: 21STCV19144
Case Title: ALEJANDRO CARDENAS vs IRON MOUNTAIN SECURE SHREDDING, INC., A DELAWARE CORPORATION
Location: Stanley Mosk Courthouse
Case Type: Civil Unlimited
Case Category: Wrongful Termination
Jurisdictional Amount: Over $25,000
Notice Generated Date: 06/23/2021
Notice Generated Time: 10:33 am

| **Documents Electronically Filed/Received** | **Status** |
|---|---|
| Answer | Accepted |

## Comments
Submitter's Comments:

Clerk's Comments:

## Electronic Filing Service Provider Information
Service Provider: Tristar Software
Contact: Tristar Software
Phone: (805) 227-1213

---

**NOTICE OF CONFIRMATION OF FILING**